PEARSON, Judge.
The appellant, Ralph F. Edelstein, was sued by the appellee, The Aetna Casualty & Surety Co. upon a subordination agreement executed in order to induce Aetna to write a performance bond for a contractor. The defendant, Edelstein, moved for a directed verdict at the close of plaintiff’s case and at the close of all the evidence. The motion was denied. We hold that the plaintiff failed to prove a case against Edelstein and reverse.
The facts upon which the appellee sought to recover against the appellant are not essential to this appeal because appellee frankly admits that it did not prove the case it alleged. The appellee urges instead that a different issue was tried without objection. See Rule 1.190 Florida Rules of Civil Procedure, 30 F.S.A.
It is stated that the facts and inferences to be drawn from the record must be considered in a light most favorable to the appellee, and that viewed in this light the facts show that at the time of the execution of the subordination agreement it was determined that Bob and Ireland, Inc., the contractor, would have to raise an additional $26,000 before Aetna would write the bond. It is urged that under an agreement of the parties, not reduced to writing, the defendant, Edelstein, was to lend this amount to Bob and Ireland, Inc. and that Mr. Edelstein acknowledged to Aetna that he would lend this amount to Bob and Ireland, Inc.
The record does reveal that Edelstein, upon deposition and at trial, denied ever lending the amount in question to the corporation. The record viewed in the light suggested does not establish a contract by Edelstein to lend money to the contractor nor does it reflect that the bond was issued in reliance upon such a contract.
The judgment against the appellant is reversed.